UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSEPH C. McDANIEL and LISA T. McDANIEL,

       Plaintiffs,

  v.

AETNA LIFE INSURANCE COMPANY, and DOES 1 through 10, inclusive,

       Defendants.

No. 2:08-cv-00391-MCE-DAD

MEMORANDUM AND ORDER

Joseph C. McDaniel and Lisa T. McDaniel ("Plaintiffs") seek reimbursement from their insurance provider Aetna Life Insurance Company ("Defendant" or "Aetna") for the cost of Joseph McDaniel's inpatient treatment at the Betty Ford Treatment Center from September 4, 2006 through October 3, 2006. Plaintiffs brought state law claims for breach of contract and bad faith against Defendant in state court. Defendant Aetna removed the action to this Court based on diversity.

///
///

1

Presently before the Court is Plaintiffs' Motion to Remand the matter to state court on the ground that the amount in controversy is less than the $75,000 jurisdictional minimum.  In addition to the $21,703.80 cost of the treatment, Plaintiffs seek attorney's fees, consequential and general damages for emotional distress, and punitive damages.  For the reasons set forth below, Plaintiffs' Motion to Remand is granted.[1]

## BACKGROUND[2]

Lisa T. McDaniel is an employee of the Lake Tahoe Unified School District.  Defendant provided insurance policies to the employees of Lake Tahoe Unified School District and their dependants, including Plaintiffs.

Joseph C. McDaniel had been treated for hypertension and alcohol abuse.  His doctors advised him he was beginning to show signs of cirrhosis of the liver and hepatic insufficiency.  From September 4, 2006 through October 3, 2006, he received medical treatment for alcoholism as an inpatient at the Betty Ford Treatment Center.  The cost of the treatment was $21,703.80.

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[2] Unless otherwise noted, all factual assertions in this section are based on Plaintiff's First Amended Complaint, filed in the Superior Court of California, County of El Dorado.

Plaintiffs subsequently filed claims with Defendant, alleging that the insurance policy covered inpatient treatment for alcoholism.  On May 7, 2007, Defendant denied Joseph McDaniel's claim, finding that the treatment was not medically necessary.  Plaintiffs appealed the decision, but on May 24, 2007, Defendant denied Plaintiffs' appeal.

Plaintiffs filed a Complaint in the El Dorado Superior Court of California.  On December 3, 2007, Defendant removed the matter to this Court.  This Court remanded the matter back to the state court on the ground that the amount in controversy did not exceed the jurisdictional minimum of $75,000.  On December 24, 2007, Plaintiffs filed a First Amended Complaint in the El Dorado Superior Court.  Defendant then again removed the case to this Court on February 21, 2008.  Plaintiffs now seek to remand.

In their Complaint, Plaintiffs allege breach of contract and bad faith, and seek reimbursement for the cost of the treatment, attorney's fees, consequential and general damages for emotional distress, and punitive damages.  On February 8, 2008, Defendant's counsel sent Plaintiffs' counsel a letter requesting confirmation that Plaintiffs would not seek damages in excess of $75,000. (Opp'n to Mot. to Remand Ex. A.)  Defendant's counsel stated that unless he received a response by February 15, he would remove the case to a federal court. Defendant's counsel sent a similar letter on March 25, offering to stipulate to remand the case back to state court in exchange for a written agreement Plaintiffs would not seek damages in excess of $75,000. (Opp'n to Mot. to Remand Ex. B.) Defendant's counsel contends he never received a response to either letter. (Opp'n to Mot. to Remand 10:11-12, 10:18-19.)

3

**STANDARD**

Where the parties in an action are citizens of different states, a district court "shall have original jurisdiction . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This amount includes claims for general and special damages (excluding costs and interests, but including attorneys fees), if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law. <u>Conrad Assocs. v. Hartford Accident & Indem. Co.</u>, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

The Supreme Court has distinguished between original jurisdiction and removal jurisdiction in diversity cases where the amount in controversy is in doubt:

> [I]n cases brought in the federal court . . . [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal . . . . A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

<u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-290 (1938). Removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence.

///

Id. at 566-67 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

**ANALYSIS**

In the Complaint, Plaintiffs seek reimbursement of $21,703.80 for the cost of treatment at the Betty Ford Treatment Center, and special and general damages in excess of $10,000. Defendant argues that the specific amount requested in the Complaint, coupled with the potential recovery of attorney's fees and punitive damages, raises the amount in controversy to over $75,000. Defendant further argues that Plaintiffs' failure to stipulate they would not seek more than $75,000 in total damages supports a finding that the amount in controversy meets the jurisdictional minimum.

**1. Attorney's Fees**

California law permits a party to recover attorney's fees in an action for insurance policy benefits where the insurer's conduct in withholding the benefits constitutes a tort. Brandt v. Superior Court, 37 Cal. 3d 813, 816-19 (1985). Recoverable attorney's fees, however, may not exceed the amount attributable to the attorney's efforts to obtain the payment due to the insured. Id. at 819.

///
///

Defendant estimates Plaintiffs could recover between $20,000 and $50,000 in attorney's fees. The sole source of this estimate is a declaration by S. Christopher Yoo, counsel for Defendant. Without taking into account Plaintiffs' counsel's actual hourly fee, Mr. Yoo bases these numbers on his "experience as an attorney practicing law in the State of California for the past fourteen years." (Yoo Decl. 9:21-22).

Even assuming this estimate is accurate, Defendant has failed to distinguish between attorney's fees incurred in an attempt to obtain the $21,703.80 allegedly due under the insurance policy on the one hand, and fees incurred in an attempt to obtain consequential, general, and punitive damages on the other. Under Brandt, only attorney's fees attributable to the former are recoverable.

A district court still found the defendant had failed to meet its burden where the defendant provided a more detailed calculation of the plaintiff's likely attorney's fees than Defendant has provided here. In Conrad Associates v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196 (N.D. Cal. 1998), the plaintiff brought an action in a state court alleging breach of contract and breach of the implied covenant of good faith and fair dealing against the defendant. The plaintiff sought recovery of $56,500 in expenses resulting from the defendant's breach of contract. Id. at 1198. The defendant removed the case to federal court on the basis of diversity jurisdiction. Id.

///
///
///

In arriving at its estimate of $16,000 in attorney's fees, the defendant cited plaintiff's counsel's hourly rate of $200 and predicted it would take eighty hours to prosecute the "coverage phase of the action." Id. at 1200. The district court nonetheless found the estimate "too speculative" to count towards the $75,000 jurisdictional minimum. Id.

Defendant's estimate of recoverable attorney's fees does not take into account Plaintiffs' counsel's hourly rate and fails to distinguish between fees attributable to the breach of contract claim and those attributable to the bad faith claim. Had Defendant cured these deficiencies, this Court would still find the estimate too speculative to find it more likely than not that attorney's fees would add between $20,000 and $50,000 to the $21,703.80 allegedly due under Plaintiffs' insurance policy. Accordingly, Defendant has not met its burden of proof on this issue.

**2.   Punitive Damages**

Where punitive damages are recoverable as a matter of law, a court must count them toward the amount in controversy. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943). Under California law, punitive damages are recoverable against an insurance company that breaches the implied covenant of good faith and fair dealing. See, e.g., Neal v. Farmers Ins. Exch., 21 Cal. 3d 910, 922-23 (1978).

///
///

7

The general rule is that "[p]unitive damages must bear a reasonable relationship and be proportionate to the actual harm suffered by the plaintiff (i.e., compensatory damages)." Marron v. Superior Court, 108 Cal. App. 4th 1049, 1059-60 (2003).  An award of punitive damages greater than four times the amount of compensatory damages "might be close to the line of constitutional impropriety." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003).

Defendant has failed to allege any facts that establish why a punitive damages award of four times compensatory damages is justified under these circumstances.  In its Opposition to the Motion to Remand, Defendant cites Campbell and Bardis v. Oates, 119 Cal. App. 4th 1 (3d Dist. 2004), a California case in which a Court of Appeal upheld a punitive damages award of more than nine times the amount of compensatory damages.  Defendant then asserts, without any factual support, that, using the four-to-one ratio, "an award of punitive damages of approximately $80,000 would be entirely plausible."  (Opp'n to Mot. to Remand 5:16-18.)

Merely referencing cases in which courts have upheld large punitive damages awards, without more, is insufficient to demonstrate an award that would exceed the $75,000 jurisdictional minimum.  As the court noted in Haisch v. Allstate Insurance Co., 942 F. Supp. 1245, 1248 (D. Ariz. 1996),

> [i]t would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies faced with allegations of fraud.  As Plaintiff points out, Defendant has failed to articulate why the particular facts that are alleged in the instant case might warrant extraordinary damages.

Defendant has made no attempt to explain how Plaintiffs' general allegations justify a punitive damages award of four times compensatory damages. In support of their charge that Defendant acted "fraudulently, oppressively, and in malicious disregard for the rights of Plaintiffs," Plaintiffs allege Defendant "fail[ed] to pay the claims; ... treat[ed] its interest above that of Plaintiffs' interest; ... fail[ed] to adopt reasonable standards for claims handling practices; ... delay[ed] in the processing of Plaintiffs' claims; and [engaged in] other conduct...." (First Am. Compl. 5.) Even if true, Defendant has not explained why a punitive damages award of four times compensatory damages would be more appropriate than an award of one or two times the amount of compensatory damages.

Defendant's conclusory assertion that a punitive damages awards of four times compensatory damages "would be entirely plausible" is insufficient to satisfy its burden. Defendant has failed to demonstrate by a preponderance of the evidence that a punitive damages award of $80,000 is justified in this case.

### 3. Plaintiffs' Refusal to Stipulate to Damages less than $75,000.

That Plaintiffs failed to respond to Defendant's entreaties to stipulate to damages less than $75,000 does not demonstrate by a preponderance of the evidence that the amount in controversy is at least $75,000. In Conrad, the plaintiff similarly refused to stipulate that the case was not worth $75.000. 994 F. Supp. at 1199.

///

9

The defendant asserted that this refusal "conclusively established" the amount in controversy to be in excess of $75.000.  Id.  The district court found otherwise.  "[S]ince a defect in subject-matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal."  Id.

This Court does not find Plaintiffs' refusal to stipulate persuasive.  Were this Court to hold otherwise, "defendants in every removal dispute would force the plaintiffs to make such a choice between stipulating against their future remedies and remaining in federal court."  Valle v. State Farm Mut. Auto. Ins. Co., No. C 97-1659 FMS, 1997 WL 564047, at *1 (N.D. Cal. Aug. 27, 1997).

**CONCLUSION**

Defendant has failed to show, by a preponderance of the evidence, that the damages sought in this case exceed the jurisdictional requirement.  Because Defendant has failed to overcome the strong presumption against removal, Plaintiffs' Motion to Remand is GRANTED.

IT IS SO ORDERED.

Dated: June 11, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE